## MOORE *versus* PATTON, DONEGAN & CO.

Interest is recoverable on an open account for goods sold and delivered, where, by express stipulation, the account is to be considered as due at a particular day.

Interest held recoverable on an open account, on the common counts in assumpsit, where the defendant agreed to pay interest, and promised to give bills in discharge of the debt.

Patton, Donegan & Co. commenced an action of assumpsit against Moore, the plaintiff in error, in Madison Circuit Court; and declared for goods, wares and merchandise, before that time sold and delivered to the defendant, at his special instance and request. The accounts of the plaintiffs, were for sales of goods for several years; and the question raised in the Court below, was, whether under the facts, interest was recoverable on the common counts. It was in evidence, that by express stipulation, the accounts were considered to be due, on the first day of January next after they were severally incurred; and that the defendant had agreed to discharge them by a bill.

The Court left it to the discretion of the jury to give interest or not, and they, having rendered a verdict for the plaintiffs, for debt and interest; the defendant took a writ of error.

HOPKINS, for Plaintiff in error—cited in argument the following authorities :—*Chit. Con.* 195—2 *New R.* 205,—12 *East* 419,—15 *East* 229,—5 *Espin. R.* 114,—3 *Camp.* 259,—2 *Stark. Ev.* 787,—5 *Cowen* 587,—2 *Wendell R.* 501,—9 *Barn. & Cres.* 37.

ORMOND, *contra.*

By Mr. Justice HITCHCOCK:

This was an action of assumpsit by the defendants in error against the plaintiffs for goods, wares and merchandise sold and delivered: the declaration contains the usual common counts, to which the defendant pleaded non assumpsit.

At the trial below, the plaintiffs proved the correctness of four several accounts, ending on the first of January 1829, 1830, 1831 and 1832, in each year, for goods sold and delivered to the defendant in each of the preceding years, and also proved that by an understanding with the defendant, each of the accounts was due on the first day of January next after the year in which the accounts were made: that the accounts for 1828 and 1829, were placed in the defendants hands in the spring of 1830, and that for 1830, in the spring of 1831; that soon after the account for 1831 was due, an attempt was made to collect them, when the defendant objected to pay interest upon any of them. It was finally agreed between them, that no interest should be charged for 1831, if the defendant would pay the interest on the other three, by a bill on New Orleans, which he promised to draw in some short time. The defendant failed to draw the bill as he had promised, and this suit was brought.

The defendant moved the Court to instruct the jury, that the plaintiffs were not entitled to interest on the accounts; which instruction the Court refused to give, but instructed the jury that they might in their discretion allow the plaintiffs interest on each of the accounts, from the time the evidence showed they became due, or refuse it: to this instruction, exception is taken, and the case has been brought here by writ of error; and the above instruction of the Court is assigned for error.

There is great contrariety on the subject of allowing interest, both in England and in this country; and the decisions cannot be reconciled as a general rule. It is laid down,[a] that interest is recoverable, in addition to the principal sum, upon an express promise, or where a contract may be implied from circumstances, but not otherwise; such as the particular mode of dealing adopted by the parties, or the usage of trade, in which they dealt. [a] 2 Starkie, 419.

In the case of *Slack* vs. *Lovell*,[b] Chief Justice *Mansfield* said, that he could never reconcile it to reason that a man who delays payment of money which he owes, should not pay interest for it; but certainly that is not the law, nor therefore understand, why interest should not be paid for goods sold and not paid for, and in that case the court refused to set aside a verdict where interest had been allowed on a sale of goods, which were to be paid for by bills, although there was only a count for goods sold, and no count for not furnishing the bills. [b] 3 Taunton, 158.

In the case of *Gordon* vs. *Swan*,[c] interest was allowed as part of the estimated value of the goods upon the common counts for goods sold. In the case of *Blaney* vs. *Hendrick*,[d] interest was allowed on an account stated, from the day on which it was stated ; but it was decided that no interest could be recovered in respect of money owing for goods sold and delivered. [c] 12 East, 419. [d] 3 Wils. 205.

In the case of *Mountford* vs. *Willes*,[e] interest was allowed for goods sold and delivered, a time being limited by the agreement, which was in writing, for the payment. [e] 2 B & P. 337.

In the case of *Calton* v. *Bragg*,[f] *Bayley* Justice, held that as interest was not by law due for mony lent, to be repaid either on demand, or at a given time, it fol- [f] 15 East, 224.

lowed that interest was not due for money payable at a certain time after an event.

a13 East, 98. In the case of *Marshall* vs. *Poole*,[a] it was held that interest, subsequent to the day of payment, might be considered as part of the stipulated price of the goods.

bDouglas, 376, In the case of *Eddowes* vs. *Hopkins*,[b] Lord *Mansfield* held, that in cases of long delay and under vexatious and oppressive circumstances, juries, in their discretion might allow interest.

Many more cases might be cited to shew, that there is no settled rule applicable to all cases : in some cases it has been allowed as incident to the contract, in others, as a breach of the contract, or as consequential damage. It is a rule founded in justice, that when a man has been kept out of his money, he should be allowed a reasonable compensation for its use : upon this principle it is, no doubt, that the Courts in this State have allowed juries, in actions of assumpsit, on the common counts, for goods sold, when no period of credit was proved, to give interest from the date of the writ.

In the case before us, the time for payment was fixed ; the creditor had a 'right to expect payment at the expiration of that time. The sums actually due were not, it is true, ascertained and assented to by the defendant on the days they respectively fell due ; but the accounts were presented afterwards, and no objections were made to them. From the nature of the case, the precise amount of the debt to be due on the first of January in each year could not be ascertained when the contract was made. The defendant wishing to purchase goods, from time to time during the year, stipulates for a credit to the first of January in each year, and agrees to pay, at that time, what shall

then be due. If he delays payment, he is liable to be sued, and when the amount is proved, can it be "reconciled to reason" that he should not pay interest for the detention of the plaintiffs debt: if so, the defendant can avoid interest by refusing to acknowledge the account. The defendant did here, however, acknowledge these accounts and promised to pay interest on three of them by giving a bill on New Orleans. But it is contended that interest cannot be recovered, because the action is not brought for a breach of that promise.

The original contract was not extinguished by that promise; the delay of payment was a damage to the plaintiffs: the rate which the law has allowed for the use of money, was the proper measure of damage for this delay, and whether it be viewed as originating immediately in the contract, or be taken as due for a breach of it, or as growing out of the promise, we see no reason why it should not be allowed on the common counts.

We therefore think the Court did not err in leaving it to the discretion of the jury whether to give interest or not.

Let the judgment be affirmed.

Mr. Justice THORNTON not sitting.