## PRESTRIDGE, ADM'X, *vs.* PATRICK IRWIN & CO.

[APPEAL FOR ORDER OF PROBATE COURT ALLOWING CLAIM AGAINST INSOLVENT
ESTATE.]

1. *Letter written "per" another ; what purports to be; what evidence renders
admissible.*—A letter, containing an acknowledgment of the receipt of
money, subscribed with the name of a party, "per" another, purports
to be his writing, executed by his agent ; and may be received as evi-
dence to charge him, when the person so signing it testifies that he was
the clerk of the other in a different department of his business, had
written some letters for him, at his request and dictation, and none
without it, though he does not remember anything in connection with
the particular letter, except that it is in his handwriting.

2. *Transactions by deceased ; what competent evidence of.*—The letters of an
intestate, written to parties claiming indebtedness against his estate, and
his drafts drawn on and accepted by them, and in their possession, is
competent evidence of transactions between the parties to which they
refer, tending to establish the correctness of the claims.

3. *Claim, verification of, by one who does not know correctness ; effect of.*
The verification of a claim against an insolvent estate by one who really
does not know it to be correct, if complete in form, is defective or in-
sufficient only, and may be completed by proof at any time before the
final decree.

4. *Merchants. accounts between ; when closed and draw interest.*—An ac-
count between merchants is closed at the date of the last item, and the
balance will draw interest from that time.

APPEAL from Probate Court of Dallas.
Tried before Hon. JOHN F. CONOLEY.

This is an appeal from a decree of the probate court,
allowing certain claims against the insolvent estate of J.
E. Prestridge, deceased.

From the bill of exceptions it appears that appellees had
filed and presented two claims against said estate, one for
$110,000.25, against John E. Prestridge, and the other for
$35,022.21, for money paid out and expended by appellees
for the firm of Prestridge & Knox.

The administratrix objected to the allowance of these
claims, and pleaded as to each—1st, non-assumpsit; 2d,

want of presentation of claim within eighteen months after grant of letters testamentary ; 3d, statute of limitation of three years; 4th, want of proper affidavit to the claim. The judgment entry recites that " an issue as to the correctness of these claims having been made up under the direction of the court, the court found all the issues in favor of the plaintiffs," and allowed the first claim to the amount of 30,306.74, and the second to the amount of $4,597.92.

No objection to the verification of these claims appears in the bill of exceptions, and the record does not show what the verification was. The only recital, in relation to the matter, is as follows, in the bill of exceptions : " It was proved by the plaintiffs, by the records of the court, that letters of administration were granted Sarah F. Prestridge on the 23d of March, 1867 ; that the estate was declared insolvent on the 11th day of May, 1868, and that both claims were filed in the probate court of Dallas county, Alabama, on the 4th of June, 1868, and were endorsed, ' Filed June 4, 1868. John. F. Conoley, judge of probate,' and that both of said claims appear on the docket of claims filed against insolvent estates in said court." The bill of exceptions further recites that both claims had been presented to one McCraw, within eighteen months after the grant of letters of administration, and endorsed by him, " presented," &c.; that said McCraw was the agent and attorney of the administratrix for receiving the presentation of claims ; that as such agent he had received presentation of all claims, and had endorsed them as presented, signing the administratrix's name, some times " per S. N. McCraw," and some times " per Heflin & McCraw."

It does not appear, either from the record or bill of exceptions, what evidence was before the court on the trial of the issues, joined on the pleas.

On the trial, the appellees offered in evidence a letter purporting to have been written to them by John E. Prestridge, which was objected to, on the ground that it was not material ; but upon the offer of appellees to connect with other evidence, the court, against the objection

and exception of the administratrix, permitted it to be read in evidence, upon proof being made of its genuineness. This letter was dated November 2, 1865, and stated that the writer was desirous of purchasing and shipping cotton to appellees; that to do this he would have to raise money. The writer requested the appellees to inform him what they could do in the matter, and to make him a proposition, &c.

The appellees then introduced one W. S. Knox, who testified that he was a partner in the firm of Prestridge & Knox, and proved the signature of the said Prestridge to the various letters and drafts which were introduced in evidence, and hereinafter noticed, with the exception of two, which were drawn by the witness for the firm of Prestridge & Knox. This witness testified that the account against Prestridge & Knox was presented to him soon after Prestrigde's death, which occurred in the latter part of February 1867, and that this account was correct; that he knew nothing of the correctness of the claim against Prestridge, individually, but had often heard Prestridge say, during the winter of 1866 and 1867, while trying to negotiate loans of money, that he was largely indebted to appellees, and for that reason would not draw on them; that he knew Prestridge was in the habit of buying and shipping cotton to appellees, up to within a few weeks of his death; that Prestridge's habit was to draw upon appellees, discount the bills in bank, and with the proceeds purchase cotton, which he shipped to the appellees, to be sold and placed to his credit.

The appellees then offered in evidence the following letter:

"Selma, Feb. 12, 1866. Messrs. Patrick Irwin & Co.: Gents—I received to-day, per Pioneer Express Company, cash package containing ten thousand dollars ($10,000); also, account sales six bales cotton. Very respectfully, J. E. Prestridge, per Shearer."

Edward Shearer was then introduced as a witness, and testified that at the date of the letter, and some time before and after, he was a clerk for Prestridge in a grocery

store ; that the cotton transactions were not done in the grocery store, and witness had nothing to do with them ; that he had written two or three letters for Prestridge, at the latter's request, and that he had never written any letters without his request, and would not have written any letter without such direction ; that witness did not receive the money referred to in the letter, and did not know that Prestridge received it ; that "all he knew about the letter was, that it was in his handwriting, and he would not have written it without a request from Prestridge." It was further proved in this connection, that the original express receipt had been lost, and that an attempt had been made to get a duplicate, but this was unsuccessful, the Pioneer Express Company having before that time ceased to do business.

The administratrix objected to the admission of the letter, because the witness did not prove that he was authorized to write it, and had no knowledge of it except that it was in his handwriting ; and, also, that it was not stamped as a receipt for money, and had no United States internal revenue stamp upon it. These objections the court overruled, and the defendant excepted.

The court then permitted the appellees to introduce in evidence, against the objections of the administratrix, two letters written to appellees by Prestridge in the year 1865, and one written in February, 1866. The letter dated December, 1865, advised appellees that he had drawn on them at sight for $10,600, and earnestly requested that the draft be honored, as he would immediately forward the cotton bought with this money to meet the draft.

The other letter related to drafts drawn by Prestridge on the appellees, and notified them of his prospects and business, &c. Each of the above letters were offered in support of particular items, such as drafts, &c., to which they referred

The appellees introduced a receipt for $1,500, signed by Prestridge, dated June 15th, 1866, which stated that the money was received on account.

After the witness, Knox, had testified, the appellees

offered the depositions of Sheffield and Horton, and the administratrix moved to suppress these depositions on the ground that there was no certificate of commissioner, and objected to reading what purported to be the certificate of commissioner, because it was not stamped as required by the laws of the United States. The certificates of commissioner attached to these depositions were in all respects regular and sufficient, but there was no internal revenue stamp on them.

Attached to each of the depositions was a copy from the books of appellee of the accounts, and, also, drafts proven to have been drawn by Prestridge, corresponding in date and amount to those charged against Prestridge and Prestridge & Knox in said accounts.

Sheffield testified that during part of the year 1866, and all of 1867, and at the time of Prestridge's death, he was book-keeper for appellees, and at that date Prestridge owed appellee $111,451.25, and was entitled to a credit of $97,009.97, showing a balance against him of $24,-441.28 on the 1st day of June, 1867; that Prestridge & Knox owed appellees $3,708.86 on the 1st of June, 1867, and that no payments had, to his knowledge, been made on these accounts since then; that he had no personal knowledge of the accounts prior to December, 1866; that he knew, of his own knowledge, that the drafts after December, 1866, were paid by appellees; that it was the custom of cotton and commission merchants to pay drafts drawn on them by cotton speculators and others to whom they advanced, without regard to their having funds in their hands, according to the confidence they had in the persons to whom they thus advanced; that large drafts for the money drawn by Prestridge were honored when he had no funds to draw against, and that much of the money so drawn was never invested in cotton and shipped to the appellees, or returned in any manner.

Horton testified that he was book-keeper and cashier for appellees from April 1st, 1866, until January, 1867 (and assisted some in the three previous months), and was their cashier and account of sales clerk up to April 20th, 1868;

that the accounts made out from April 28, 1866, up to June 1st, 1867, were correct within witness' own knowledge; that all the items, both credit and debit, on the account prior to April 28th, 1866—namely, from November 1st, 1865, to April 28th, 1866—were correctly copied from the original entries; that all the items in the account against Prestridge & Knox were correct, within his knowledge; that he was in the habit of making entries, &c., from personal inspection of the drafts, &c.; that witness was sales clerk and cashier, after he ceased to be book-keeper, until April 20th, 1868; that up to that time, no payment had been made upon either account, except as therein credited, that if payment had been made in any of the usual modes of business, he would have been apprised of the fact, as it was necessary for him to keep the cash straight, and this he could not do without an account of all moneys received and paid out.

The first debit item on the account against Prestridge individually was dated November 10th, 1865, and the last was on the 9th of February, 1867. The first credit item was December 18th, 1865, and the last was March 5th, 1867.

The first debit item in the account against Prestridge & Knox was dated Dec 14th, 1866, and the last dated February 16th, 1867. The first item of credit on this account was dated January 14th, 1866, and the last, April 6th, 1867. The administratrix then claimed the credits as admitted in each of said accounts, and these reduced the accounts to the amount for which they were respectively allowed; and hence this appeal.

The errors assigned are (among others), admitting in evidence the receipt for $10,000, signed by Shearer; admitting in evidence the various letters and drafts, overruling the motion to suppress the depositions of Sheffield and Horton; in rendering the decree rendered in the cause.

BROOKS, HARALSON & ROY, and W. E. BOYD, for appellants.
FELLOWS & JOHNS, contra.

(The briefs did not come into Reporter's hands.)

B. F. SAFFOLD, J.—The appeal is taken from the decree of the probate court allowing certain claims of the appellees against the insolvent estate of Jno. E. Prestridge.

The letter of Prestridge, written by Shearer to the appellees, on the 12th of February, 1866, is not a receipt requiring a stamp. It is a mere letter of a correspondent, communicating notice of the present condition of mutual business. This appears from the letter itself, and from the statement in it that the money was received through an express company, whose business it was to take a formal receipt. If Shearer does not remember writing the particular letter at Prestridge's request, he testifies that he did write some letters at his request, that this one is in his handwriting, and that he never wrote any letter for him without his request. He was Prestridge's clerk in a grocery store. His testimony connects Prestridge with the letter, which was *an* admission of the receipt of the money specified, and was admissible in evidence.

As the law requiring a revenue stamp to be affixed to the certificate of a commissioner to take depositions has been repealed, the objection on account of the want of a stamp is now untenable.

The letter of Prestridge, written to the appellees, and his drafts drawn on them, accepted by them, and in their possession, were certainly proofs of transactions between the parties, tending to establish the justice of their claims against him. Supported as they were by the testimony of Knox, the account, up to the 28th of April, 1866, seems to be well sustained. After that date, the witness Horton, proves, from his personal knowledge, the remainder of the account.

No objection to the verification of the claims appears in the bill of exceptions, and it is not stated how this was done in any part of the transcript. It appears that in making up the issue, there was a plea of want of proper vesification, which was found against the defendant,

whether on the facts, or a construction of law is not shown. The briefs of the counsel for the appellant admit that there was a verification by Sheffield for the claimants, and the ground of their objection was, that his testimony in the cause shows he was ignorant of the correctness of the claims. Nevertheless, there was a formal and apparently complete verification, even if really defective or insufficient. This deficiency was supplied by proof before the final decree. Section 2196 is in this respect different from the corresponding § 1847 of the Code of 1852.

An account between the merchants is closed at the date of the last item. It is from this time that the statute of limitations begins to run.—Add. on Contracts, 1204. The amount due in this case was the balance of the account on the 5th of March, instead of 1st of June, 1866, with interest to the date of the decree. The error in this respect is probably too inconsiderable to require amendment, and is doubtless in favor of the appellant.

The decree is affirmed.