This is an appeal from a summary judgment.
Jenkins Builders, Inc., d/b/a United Hardware and Building Supply, filed an action in the Lauderdale County District Court against Alan Staples on an open account. A judgment by default in the amount of $2,215.67 plus costs was rendered against Staples on July 8, 1983. Staples appealed to the circuit court.
In the circuit court Staples filed an answer denying that he owed Jenkins Builders any money and also filed a counterclaim alleging violations of the Truth-in-Lending Act and Federal Regulation Z. 15 U.S.C. § 1601-1646 (1976) and 12 C.F.R. § 226 (1981).
On October 4, 1983 Jenkins Builders filed a motion for summary judgment and supported it with an affidavit of its bookkeeper. Staples filed an affidavit in opposition *Page 781 
to plaintiff's motion for summary judgment. After a hearing and on October 18, 1983, the circuit court granted a summary judgment in favor of plaintiff for $2,215.67 plus costs of court. Staples appeals.
Staples argues here that the trial court erred in granting the summary judgment to plaintiff because there was a scintilla of evidence to support his counterclaim and to dispute plaintiff's claim.
Plaintiff takes the position that the trial court correctly granted it a summary judgment because there was no evidence to support defendant's counterclaim or to dispute its claim.
The evidence shows that in July 1981 defendant bought certain building materials from plaintiff in the amount of $1,584.85. Upon each purchase defendant was presented with an invoice that provided: "Terms: Net Cash, First of Month following purchase." No credit arrangements were requested or made at this time.
On August 1, 1981 a statement was sent to defendant stating that the balance of his account was $1,584.85 and requesting payment. At the bottom of the statement was printed: "Terms: Net 30 days. A service charge of 1 1/2% will be charged on all unpaid balances not paid by the 10th of the following month. 1 1/2% = 18% per year."
At the same time and every six months thereafter, defendant was furnished the usual Truth-in-Lending statement regarding errors and omissions. 12 C.F.R. § 226.7 (a)(9) (1981).
In his counteraffidavit to the motion for summary judgment, defendant said that at the time he purchased the materials the cost of them was charged to him. He said that he was not informed at that time that the account would bear interest. He also said that a portion of the material delivered to him was unsatisfactory and was to be returned to the seller but the seller did not pick the material up nor did it replace the material. Finally defendant said he did not agree to pay interest.
Summary judgment may be granted only if the pleadings and affidavits show that there is no genuine issue of material fact on which the summary judgment is sought. Oliver v. Taylor,394 So.2d 945 (Ala. 1981). Also, the moving party has the burden of establishing the absence of a genuine issue of fact. Eason v.Middleton, 398 So.2d 245 (Ala. 1981). If, under any conceivable set of circumstances, the nonmoving party can recover, the trial court must deny the motion for summary judgment. Hortonv. Northeast Alabama Regional Medical Center, Inc.,334 So.2d 885 (Ala. 1976). If there is a scintilla of evidence supporting the nonmoving party, summary judgment is erroneous.
The nonmoving party cannot, however, rely on the denials or allegations of the pleadings where the moving party has offered affidavits or other supporting evidence. Motors Insurance Co.v. Southern Bell Telephone Co., 431 So.2d 1308 (Ala.Civ.App. 1983). When the moving party offers proof of no genuine issue of material fact, it then becomes incumbent upon the nonmoving party to submit counteraffidavits to show that such an issue does exist. Motors Insurance Co., supra. Staples filed a counteraffidavit.
Staples denied in his answer that he owed plaintiff the amount sought by the complaint. To support his denial, Staples says in his counteraffidavit that a portion of the materials he purchased was unsatisfactory and was to be returned to the seller for credit or replacement. He further says that the seller did not pick up the material, did not give him credit for it, and did not replace it.
Although Staples does not specifically say that he informed seller that some of the materials were defective and that seller had promised to pick up the defective materials and replace them or give him credit for them, the implication is certainly present that seller had been informed of the defective materials and had given purchaser reason to believe that the defective materials would be replaced or credit given for them. *Page 782 
In this state of the evidence, there exists a genuine issue of material fact as to whether purchaser owes the amount claimed by seller. Therefore, summary judgment as to this aspect of the case was erroneously granted.
The other aspect of the case is whether the summary judgment on Staples's counterclaim is also erroneous. In his counterclaim Staples alleges that plaintiff violated the Truth-in-Lending law because he was permitted to pay in cash or in installments for the purchases made from plaintiff and a finance charge was imposed on the unpaid balance.
Staples argues that he stated in his affidavit that he was not informed at the time he opened the account with plaintiff that such account would bear interest. Therefore, he has shown that plaintiff violated the Truth-in-Lending law by not informing him of the terms of the credit sale.
The Truth-in-Lending Act encompasses only consumer credit transactions. See 15 U.S.C. § 1601 (a) (1976). The purpose of the act is to protect the consumer who buys on credit by disclosing to him the terms under which he is buying. Johnson v.McCrackin-Sturman Ford, Inc., 527 F.2d 257 (3d Cir. 1975).
The evidence clearly shows that Staples bought the building materials on an open account. The invoice that he received shows that he was to pay cash within thirty days. In Alabama open accounts can bear interest. Moore v. Patton, 2 Port. 451 (Ala. 1835); § 8-8-8, Code 1975. In an open account action, the account is deemed closed on the date the last item was entered, and interest will be allowed from that date. Prestridge v.Irwin, 46 Ala. 653 (1871).
In the case at bar the account was closed the middle of July 1981 when the last purchase was made, and the defendant was informed by the August 1, 1981 statement that the total amount of his account was due and that if he did not pay it by the tenth of the following month a one and one-half percent service charge would be assessed on the unpaid balance.
Under Alabama law defendant was not required to be told when he made the purchases that he would be required to pay interest on his unpaid account. The terms of his purchase were cash in thirty days. He was told later that if he failed to pay within thirty days, his unpaid balance would carry a one and one-half percent service charge. This was not a credit sale within the meaning of the Truth-in-Lending law, but a delinquent open account that bears interest from the date it was closed.Prestridge v. Irwin, supra.
Defendant says that he did not agree to pay interest nor was he told at the time he made the purchases that he would be charged interest on his open account. Whether defendant did not agree to pay interest or was not told interest would be assessed on a delinquent account is immaterial. The law authorizes the imposition of interest on a delinquent open account. Moreover, before the account became delinquent, defendant was informed that failure to pay would cause a service charge to apply to the unpaid balance. So, defendant had notice that interest would be charged on the unpaid balance, he had notice of the rate of the interest, and he had notice of the period over which interest would be assessed.
There is no evidence in defendant's affidavit of a violation of the Truth-in-Lending law or Regulation Z. The trial court's summary judgment as to this aspect of the case is affirmed.
The summary judgment in favor of seller on its open account claim is reversed; the summary judgment in favor of seller on Staples's counterclaim is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 783