L. CHARLES WRIGHT, Retired Appellate Judge.
In March 1987 J.T. May Drugs, Inc. (May), and West Alabama Health Services, Inc. (WAHS), entered into a contract. The contract provided that May would furnish prescription drugs to WAHS patients and that WAHS would pay May according to the provisions of the contract. May terminated the contract in November 1990 due to a conflict in the manner of payment.
When the parties could not agree on the amount that WAHS owed, May instituted this action. The trial court entered an order in May’s favor in the amount of $782.29. The award included interest. We cannot determine how the interest was calculated, and the parties disagree as to the percentage of interest utilized in the calculation of the award. WAHS appeals.
The sole issue on appeal is whether the trial court erred in its computation of the interest owed May.
Section 8-8-8, Code 1975, provides:
“All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, esti *750 mating the compensation therefor in money, performed.”
Section 8-8-1, Code 1975, provides:
“Except as otherwise provided by law, the maximum rate of interest upon the loan or forbearance of money, goods or things in action, except by written contract is $6.00 upon $100.00 for one year, and the rate of interest by written contract is not to exceed $8.00 upon $100.00 for one year and at that rate for a greater or less sum or for a longer or shorter time.”
WAHS asserts that there was no contractual agreement between the parties concerning an interest payment or a service charge on late payments. It insists that pursuant to sections 8-8-1 and 8-8-8 the maximum interest rate allowed is 6% per annum.
Charles Parker, the owner of May, testified that WAHS owed him $180.24 in interest. Parker stated that he reached this amount by utilizing the formula that he uses for all his customers. He stated that his customary interest rate is 1⅝% per month on accounts sixty days old. He introduced into evidence a copy of a billing which included his customary interest rate. The record reflects, however, that WAHS never received one of May’s billing forms, as Mays billed WAHS with Medicaid billing forms.
The only agreement between the parties was contained in the pharmaceutical agreement. That agreement did not contain any provision for the payment of late fees, service charges, or interest.
The arrangement between the parties constituted a running open account. Where no written contract controls the interest rate, the legal rate of pre-judgment interest on such an account is 6% per an-num. Rhoden v. Miller, 495 So.2d 54 (Ala.1986). With an open account arrangement, the account is deemed closed, and interest is allowed to accrue, on the date the last item was entered or after the account was closed by agreement of the parties. Staples v. Jenkins Builders, Inc., 447 So.2d 779 (Ala.Civ.App.1984). Accordingly, May is entitled to 6% interest from the date the account was closed until the circuit court entered judgment in its favor.
The judgment of the trial court is reversed and the cause remanded for a recalculation of the interest owed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.
THIGPEN, J., recused.