MOORE, Chief Justice
(dissenting).
I respectfully dissent from this Court’s decision to deny the petition for the writ of certiorari because I believe the trial court and the Court of Civil Appeals overlooked a key provision regarding the calculation of late charges in the invoices at issue in this case. I believe we should grant the petition for the writ of certiorari and review the Court of Civil Appeals’ decision.
7. Facts and Procedural History
In December 2005, Salim K. Gillani, the owner of Gasteria, Inc., d/b/a Lamar’s Quick Stop, a gas station and convenience store in Hueytown (“Quick Stop”), entered into an oral open-account agreement with Andalusia Enterprises, Inc. (“AEI”), in which AEI agreed to supply petroleum products to Quick Stop. AEI issued an invoice to Quick Stop after each delivery, but the parties did not execute a written contract. AEI’s invoices indicated that net payment was due in 10 days and contained the following provision regarding the interest charged in late payments:
“Customer agrees to pay a late charge on due balance of 1.5% per month, or the maximum rate allowed in customer’s state of residence, whichever is less. Customer agrees to pay all expenses incurred in collection of the indebtedness as a result of default of payment including court costs and reasonable attorney’s fees.”
AEI supplied approximately $2.5 million in petroleum products to Quick Stop from December 2005 until July 2010, when Quick Stop made its last purchase. Quick Stop paid most of AEI’s invoices, but’ generally not within the required 10-day period. As a result, many of Quick Stop’s invoices incurred late charges, which accumulated in nearly every month from December 2005 to July 2010.
In December 2011, AEI Sued Quick Stop for unpaid principal, interest, and attorney fees on the open account. AEI claimed damages of $15,198, a sum largely attributable to unpaid late charges, and $3,040 in attorney fees. After a bench trial, the trial court entered a judgment in favor of AEI and awarded it the sums claimed plus an additional $638 in interest, for a total award of $18,876. Quick Stop subsequently filed a postjudgment motion to alter, amend, or vacate the trial court’s judgment, arguing, among other things, that the late charges could not exceed the legal rate of prejudgment interest and that attorney fees were not allowed on an open account.
The trial court found as follows:
*944 “[T]his case [is] analogous to Staples v. Jenkins Builders, Inc., 447 So.2d 779 (Ala.Civ.App.1984). In Staples, the invoices contained the statement: ‘Terms: Net 30 days. A service charge of 1 ½% will be charged on all unpaid balances not paid by the 10th day of the following month. 1 ½% = 18% per year.’ Id. at 781. In the instant action, the invoices contain the terms ‘CREDIT/TERMS NET 10 DAYS’ and the following language at the bottom of the invoice, ‘CUSTOMER AGREES TO PAY A LATE CHARGE ON DUE BALANCE OF 1.5% PER MONTH, OR THE MAXIMUM RATE ALLOWED IN CUSTOMER’S STATE OF RESIDENCE, WHICHEVER IS LESS.’
“The law authorizes the imposition of interest on a delinquent open account. Staples, 447 So.2d at 782 .... In this case, the invoices clearly set out the late charge on the delinquent open account, as 'did the invoices in Staples. See id. Furthermore, as in Staples, the ‘defendant had notice that interest would be charged on the unpaid balance, he had notice of the rate of interest, and he had notice of the period over which interest would be assessed.’ Id. Were there no invoices sent, or were the invoices lacking of the terms of the late charge, the Court would be inclined to agree with Defense counsel that 6% per annum is the maximum interest that may be charged on a delinquent open account. However, given the similarity between this matter and Staples, the Court hereby finds the order of September 18, 2012, to be correct as it relates to the principal amount owed and the interest accrued. Accordingly, [Quick Stop’s] Motion to Alter, Amend or Vacate Judgment as it relates to the principal amount and interest awarded is hereby DENIED.”
(Capitalization in original.) However, the trial court granted Quick Stop’s motion in part and amended its judgment to remove the attorney-fees award, rendering a final judgment in favor of AEI for $15,836. Quick Stop appealed that judgment to the Court of Civil Appeals, which affirmed the trial court’s judgment without an opinion. Lamar’s Quickstop v. Andalusia Enters., Inc. (No. 2120363, March 21, 2014), — So.3d — (Ala.Civ.App.2014) (table). Quick Stop now seeks certiorari review of the Court of Civil Appeals’ decision.

II. Discussion

Quick Stop maintains that the trial court erred in calculating the amount of interest it owed AEI on the delinquent payments. The trial court found that Staples v. Jenkins Builders, Inc., 447 So.2d 779 (Ala.Civ.App.1984), controlled because AEI’s invoices provided Quick Stop with notice that interest would be charged and notice of the rate of that interest. Although these facts are true, the terms of the invoices in Staples differ from AEI’s invoices. The invoices in Staples provided for a service charge of 1 ½% per month, or 18% per annum. Staples, 447 So.2d at 781. In Staples, the terms of the invoice on the open account controlled the rate of interest. 447 So.2d at 782 (“[T]he defendant was informed by the August 1, 1981 statement ... that if he did not pay [the balance due] by the tenth of the following month a one and one-half percent service charge would be assessed on the unpaid balance.... [Defendant ... had notice of the rate of interest....”). In contrast, AEI’s invoices provided that the late charges on Quick Stop’s balance due would be 1.5% per month (18% per annum), or Alabama’s maximum interest rate, which is 6% per annum, “WHICHEVER IS LESS.” See § 8-8-1, Ala.Code 1975 (maximum interest rate “except by written contract” is 6% per annum).
The trial court concluded correctly that Quick Stop had notice from AEI’s invoices *945 that interest would be charged and that the invoices generally controlled the rate of interest. However, the trial court failed to apply the “whichever is less” term from AEI’s invoices and imposed AEI’s customary rate of 18% per annum in calculating the interest owed on Quick Stop’s open account. If Staples is similar to this case, the specific terms of AEI’s invoices should control the rate of interest.
Although the ore tenus standard of review extends to a trial court’s damages award, Edwards v. Valentine, 926 So.2d 315, 325 (Ala.2005), the trial court’s judgment based on findings of fact in support of AEI’s damages award is due to be reversed if those findings are “clearly and palpably erroneous.” Robinson v. Morse, 352 So.2d 1355, 1357 (Ala.1977). I believe the Court of Civil Appeals’ affirmance of the trial court’s clearly erroneous calculation of the rate of interest in AEI’s damages award provides us with “special and important reasons for the issuance of the writ,” Rule 39(a), Ala. R.App. P.

III. Conclusion

I therefore dissent from the Court’s decision to deny Quick Stop’s petition for the writ of certiorari.