Plaintiff, Motors Insurance Company, appeals from a summary judgment on its subrogation claim against defendants. We affirm.
Plaintiff's insured was involved in an automobile accident with defendants. Plaintiff filed suit against defendants in the District Court of Talladega County. From an adverse judgment there, plaintiff appealed to the circuit court. Defendants moved for a summary judgment and submitted a signed, notarized agreement in support of their motion.
The agreement in pertinent part read:
"Now, whereas the party of the first part [defendants] received damages, property and/or personal injuries, in the amount of $1,024.67 due to a motor vehicle accident . . . said party of the second part [plaintiff's insured] has been found liable or assumes liability for such damages."
Plaintiff rested on its pleadings and made no further response to defendants' motion for summary judgment. Thereafter, the trial court entered judgment in favor of defendants.
Plaintiff, through able counsel, contends on appeal that the trial court erred in granting summary judgment. We do not agree.
A party opposing a motion for summary judgment may not rest upon the mere denials or allegations in its pleadings where the moving party has offered affidavits and other supporting documents. Sullivan v. South Central Bell, 408 So.2d 153
(Ala.Civ.App. 1981). However, summary judgment can still only be entered against the nonmoving party if it is appropriate.See Rule 56 (e), A.R.Civ.P. Put another way, the moving party must initially show the absence of a genuine issue of material fact. Donald v. City National Bank of Dothan, 295 Ala. 320,329 So.2d 92 (1976).
In the instant case defendants moved for summary judgment based upon the pleadings and the written agreement entered into by plaintiff's insured. The pleadings alleged, inter alia, that plaintiff's insured had previously assumed responsibility and liability for the accident. The written agreement signed by plaintiff's insured and notarized supported that allegation. Plaintiff's failure to offer any affidavit or other testimony to contradict the evidence presented by defendants left the trial court no choice but to consider the evidence as uncontroverted.
The defendants submitted a signed, notarized document apparently showing that no genuine issue of material fact existed. It was then plaintiff's burden to offer counter affidavits to show that a genuine issue of fact did exist. Under the circumstances of this case the trial court properly granted defendants' motion for summary judgment.
Furthermore, there appears to be nothing for plaintiff to base its subrogation claim on.
The rule is well established that a subrogee can acquire no greater rights than those possessed by the subrogor whose rights he asserts. Home Insurance Co. v. Stuart-McCorkle,291 Ala. 601, 285 So.2d 468 (1973). That being so, it appears that there exists no genuine issue of material fact in the instant case. Plaintiff's subrogor had admitted liability and therefore could not maintain an action against defendants. Plaintiff, as subrogee, cannot rise above the rights of its subrogor.
In view of the above, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1310