This is an appeal from the granting of summary judgment in favor of defendant in an action for breach of contract to rent.
Plaintiff filed an action against defendant for breach of contract to rent. Plaintiff moved for summary judgment without any supporting affidavits. Defendant filed an answer with affidavit in opposition to plaintiff's motion and also filed a motion for summary judgment with two additional affidavits in support of the motion. Plaintiff did not file any affidavits in opposition to defendant's motion. The trial court denied plaintiff's motion and granted defendant's motion for summary judgment. Plaintiff appealed.
The affidavits reveal that plaintiff sought to rent an apartment at 406 Flood Street. He filled out an application and gave defendant a check for $100 rent and $75 deposit. The apartment manager was contacted and revealed the apartment had been rented three days prior. Plaintiff was informed of this and that another apartment was available at 409 Underwood Street. Plaintiff visited that apartment, returned to defendant's office and stated he did not like the apartment's location. Defendant returned plaintiff's cashier's check to him.
Summary judgment may be granted only if the pleadings and affidavits show there is no genuine issue of material facts on which the summary judgment is sought. Oliver v. Taylor,394 So.2d 945 (Ala. 1981). The moving party has the burden of establishing the absence of a genuine issue of fact. Eason v.Middleton, 398 So.2d 245 (Ala. 1981). If there is a scintilla of evidence supporting the nonmoving party, summary judgment is erroneous. Staples v. Jenkins Builders, Inc., *Page 108 447 So.2d 779 (Ala.Civ.App. 1984). The nonmoving party cannot, however, rely on the denials or allegations of the pleadings, where the moving party has offered affidavits or other supporting evidence. Motors Insurance Co. v. Southern Bell Telephone Co.,431 So.2d 1308 (Ala.Civ.App. 1983). When the moving party offers proof of no genuine issue of material fact, it then becomes incumbent upon the nonmoving party to submit counteraffidavits to show such an issue does exist. MotorsInsurance Co. v. Southern Bell Telephone Co., supra.
Plaintiff did not file any supporting affidavits in favor of his motion or in opposition to defendant's motion. When no evidence is offered to contradict that presented by the movant, the court has no alternative but to consider the evidence uncontradicted; and summary judgment, if warranted by such evidence, may be entered against the nonmoving party. Butler v.Michigan Mutual Insurance Company, 402 So.2d 949 (Ala. 1981).
It is, therefore, apparent that the evidence of record with the trial court shows that no genuine issue as to any material fact exists. The trial court did not err in granting defendant's motion for summary judgment, and this case is hereby affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.