HOLMES, Judge.
This is a trespass case.
Jenkins filed suit against Griner Drilling Service, Inc. (Griner) for trespass to his property, which allegedly occurred when Griner’s employees entered upon Jenkins’s land to recover pipe that Griner had installed. Griner counterclaimed to recover the pipe or, alternatively, the value of the pipe.
Griner filed a motion for summary judgment, which was denied. The case was then tried before a jury, which returned a verdict for Jenkins on his trespass claim in the amount of $4,000 and a verdict for Griner on its counterclaim in the amount of $1,575, i.e., the value of the pipe. The trial court entered a judgment on these verdicts.
Griner, through able and distinguished counsel, appeals, contending that the trial court erred, first, in denying its motion for summary judgment and, second, in entering a judgment on what Griner argues are inconsistent verdicts. We disagree with both contentions and affirm.
In 1976 Jenkins leased the oil, gas, and mineral rights on the subject property. The lessee subsequently assigned those rights to Midroc Oil Company (Midroc), which apparently began to explore for oil or gas on the property. Midroc contracted with Griner for the latter to dig a water well on Jenkins’s land, which would presumably aid in Midroc’s search for oil and gas.
Apparently, Midroc stopped its operations on Jenkins’s land in search of oil or gas in early 1979, after drilling an oil well that was a “dry hole.” In January 1979 Jenkins and Midroc entered into a settlement agreement for damage to Jenkins’s land. Jenkins was paid $1,500, and in return he executed a written “Release and Agreement” for damage to the land.
In March 1983 Griner’s employees entered upon Jenkins’s land and unsuccess *189 fully attempted to remove the pipe that had been placed on the land as part of the water well used in Midroc’s oil or gas exploration. They were stopped by one of Jenkins’s relatives.
In support of its summary judgment motion, Griner submitted to the trial court copies of Jenkins’s 1976 lease of his mineral rights, Griner’s contract with Midroc to drill the water well, and Jenkins’s 1979 Release and Agreement. Jenkins submitted nothing in opposition to Griner’s summary judgment motion.
Griner contends that the documentary evidence it presented in support of its motion for summary judgment established its entitlement to summary judgment and that, since Jenkins failed to present any evidence in opposition, the evidence in support of its motion was uncontroverted and the motion was due to be granted.
We agree that, because no evidence was presented to contradict that offered by Gri-ner, the trial court had no choice but to consider Griner’s evidence uncontradicted. Bishop v. Leavell Banking Co., 464 So.2d 106 (Ala.Civ.App.1985). Under such circumstances, however, summary judgment would still not be appropriate unless such evidence, though uncontradicted, established that the granting of the motion was warranted. Bishop, 464 So.2d at 108. We find that summary judgment was not warranted in this case.
Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Sadie v. Martin, 468 So.2d 162 (Ala.1986); Bishop, 464 So.2d at 107; Rule 56, Alabama Rules of Civil Procedure. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Sadie, 468 So.2d at 165.
The evidence that Griner submitted in support of its summary judgment motion, though not contradicted by Jenkins, does not resolve all material questions of fact regarding its right to enter upon Jenkins’s land in March 1983 and remove the pipe.
Griner’s price list/contract with Midroc provided that Griner reserved the right to recover the pipe casing. It further provided, however, that Griner “normally pull[s] the wells when the drilling operation is completed.” One might conclude that Gri-ner did not follow its normal procedure in this case because it did not enter upon Jenkins’s land to “pull the well” until March 1983, approximately four years after Midroc’s drilling operation on the land was completed, thus leaving some doubt as to whether Griner had relinquished its right to remove the pipe.
Jenkins’s mineral lease provided that the lessee (Midroc) “shall have the right at any time to remove all machinery and fixtures placed on said land, including the right to draw and remove casing.” This lease, however, expired by its own terms at least by November 1981 and, therefore, could confer no right upon Griner to enter upon Jenkins’s land to recover the pipe in March 1983.
Finally, Jenkins’s Release and Agreement, upon which Griner relies so heavily, is ambiguous. The release covers all damages to Jenkins by reason of the entry by Midroc (or any of its “sub-contractors, assignors, assignees, associates and all other owners of interests in the leasehold estate”) “on and across the [land], ingress and egress thereto, making locations thereon for the purpose of drilling a well or wells in search of oil and gas and in drilling, exploring, producing, storing, processing and treating oil, gas or other minerals as may be discovered in such exploration....”
Assuming that Griner is a party covered by the release, it is not clear whether its entry upon the land approximately four years after Midroc’s drilling and exploring for oil and gas had ceased to remove the pipe of the water well was an action covered by the release. Such ambiguity in the release created a question of fact which the trial court properly left to the jury to re *190 solve. See Wright v. Robinson, 468 So.2d 94 (Ala.1985).
Accordingly, we find no error in the trial court’s denial of Griner’s motion for summary judgment.
We also find no reversible error in the trial court’s entry of a judgment on the two verdicts. Griner contends that the two verdicts are inherently inconsistent, since, if it is entitled to recover the value of its pipe, it cannot be guilty of trespass.
Without actually deciding whether the verdicts are inconsistent, we find that the trial court may not be held in error here because Griner made no objection to the trial court’s charges to the jury, upon which the verdicts are based. Ross-Clayton Funeral Home, Inc. v. Turner, 358 So.2d 754 (Ala.Civ.App.1978); Rule 51, A.R. Civ.P. See Lowe v. Morrison, 412 So.2d 1212 (Ala.1982) (Torbert, C.J., concurring specially).
In its oral charge to the jury the trial court specifically instructed the jury in pertinent part as follows:
“If, however, after a full and fair consideration of all the evidence, you are of the opinion the plaintiff is entitled to recover on the trespass count and you also feel that the defendant is entitled to recover possession of the pipe, then you would use the form of verdict which reads, ‘We, the jury, find in favor of the plaintiff on the trespass count and against the defendant and assess plaintiff’s damages .at blank dollars.’ You would fill in the blank with the amount of money you determine from the evidence the plaintiff is entitled to. ‘We further find for the defendant on the counterclaim and against the plaintiff for the property sued for,’ that being the pipe, ‘and assess the alternate value at blank dollars.’
“So, you are required, if you find they’re entitled to the pipe to fill in an alternate value of said pipe, if that be your verdict.”
The trial court then asked both Jenkins’s and Griner’s counsel if they had any exceptions to the jury charges. Both stated that they had “none.”
When Griner made no objection to the instructions, they became the law of the case by which the jury was bound. W.T. Ratliff Co. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974); Turner, 358 So.2d at 755. Griner cannot now complain that the verdicts returned by the jury based upon that law are inconsistent.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.