PER CURIAM.
Mary Ellen Glover appeals from a summary judgment granted in favor of defendant Golden Rule Insurance Company (“Golden Rule”). We affirm.
The plaintiff, Glover, filed suit against the defendants, Slocomb Apparel Company and Golden Rule, on July 1, 1983, alleging bad faith refusal to pay a claim, fraud, deceit and misrepresentation, and breach of contract.
Defendant Golden Rule filed three motions for summary judgment during the course of the pleadings. On May 31, 1985, the trial judge granted a summary judgment in favor of that defendant.
On April 25, 1986, a judgment based upon a pro-tanto settlement was rendered against the other defendant, Slocomb Apparel. Thus, the claims against both defendants were adjudicated.
Thereafter, Glover filed a motion to reconsider the summary judgment rendered against her on May 31, 1985. This motion was denied, and on appeal Glover argues that the summary judgment was improper because, she says, there was a genuine issue of material fact relating to the question of “agency” between the two defendants.
In the spring of 1982, Glover began working for defendant Slocomb Apparel. While employed with Slocomb Apparel, she was informed that she could receive health insurance through Golden Rule. This insurance was to be made available to her after she had been employed for a period of a month or so. After the requisite time, Glover applied for insurance coverage through Slocomb Apparel.
Through its “Multiple Employer Trust” policies, Golden Rule offered health insurance to small businesses. Slocomb Apparel was a participant under this “Multiple Employer Trust” policy plan.
In May 1982, Slocomb Apparel added Glover’s name to the May premium billing and submitted a premium for her coverage. Golden Rule determined that Glover was not eligible for coverage at that time, and her premium payment was returned to Slo-comb Apparel.
In June 1982, plaintiff received personal injuries and filed to receive insurance bene *886 fits. She was informed that she was not covered, and thus resulted the present cause of action.
The issue to be decided by this Court is: Did the trial court err in granting defendant Golden Rule’s summary judgment?
Glover argues that Slocomb Apparel was an agent of Golden Rule. The trial court ruled that no genuine issue of material fact existed as to this question and granted defendant Golden Rule’s motion for summary judgment pursuant to A.R.Civ.P. 56.
On April 2, 1985, defendant Golden Rule filed its third motion for summary judgment, which was supported by an affidavit of Darrell S. Richey, vice-president of Golden Rule and its general counsel. Richey’s affidavit, dated March 19, 1985, stated:
“1. I am an adult of sound mind, am currently employed as Vice President and general counsel of Golden Rule Insurance Company (‘Golden Rule’) and have knowledge of the facts and statements set out in this affidavit.
“2. Golden Rule offers group health insurance to small businesses through its Multiple Employer Trust (‘MET’) policies. Slocomb Apparel Company was a participating employer under a MET plan with a March 1, 1982, effective date.
“3. Under the terms of the master policy insuring certain employees of Slo-comb Apparel Company, the coverage for ' which Mary Ellen Glover applied as an employee of Slocomb Apparel would not have been effective until the first day of the policy month following Golden Rule's determination that the evidence of insur-ability submitted on behalf of Mary Ellen Glover and her dependents was satisfactory. The requested certificate, had it been issued to Mary Ellen Glover, would have been effective July 1, 1982.
“4. Slocomb Apparel Company added Mary Ellen Glover’s name to the May 1982 premium billing and submitted a premium for her coverage.
“5. Because she was not yet eligible for coverage, Golden Rule refunded the premium received on behalf of Mary Ellen Glover to Slocomb Apparel Company on May 28, 1982. The check was subsequently endorsed by Slocomb Apparel Company and deposited with the Slocomb National Bank.
“6. Mary Ellen Glover’s name was crossed off the remittance copy of the June 1982 billing submitted by the Slo-comb Apparel Company, and the word ‘released’ was written next to Mary Ellen Glover’s deleted name.
“7. Mary Ellen Glover’s name was also marked off the remittance copy of the July 1982 billing submitted by Slo-comb Apparel Company, and the word ‘cancel’ was written next to Mary Ellen Glover’s deleted name.
“8. Slocomb Apparel Company did not submit a premium for Mary Ellen Glover in conjunction with either the June or July statements.
“9. The terms of the master policy covering Slocomb Apparel Company as a participating employer hold the participating employer solely responsible for the premium on its employees.
“10. The terms of the master policy covering Slocomb Apparel Company as a participating employer include the following provision:
“‘REGISTRY: The Employer shall furnish the Company with:
“‘(a) the names of all individuals initially eligible for insurance or who later become eligible for insurance, even if they do not become insured;
“ ‘(b) the names of all Covered Persons who become insured or whose insurance terminates, together with the respective date; and “ ‘(c) any information required to initiate, maintain or terminate coverage on each Covered Person.’
“11. Slocomb Apparel Company, in affirmatively deleting the name of Mary Ellen Glover from the listing of covered employees sent to Golden Rule, in failing to submit premiums for Mary Ellen Glover and in endorsing the premium refund check, acted on its own behalf or as an agent of Mary Ellen Glover, and not as an agent of Golden Rule.”
*887 On April 25, 1985, plaintiff responded to Golden Rule’s third motion for summary judgment with the following:
“Comes now the Plaintiff, MARY ELLEN GLOVER, and in response to the Defendant’s Third Motion for Summary Judgment says as follows:
“1. The Plaintiff again re-asserts her response and affidavit of September 6, 1983, and April 27, 1984, to the Defendant’s motion.
“2. That while the Defendant has added additional affidavits or statements from the Defendant’s employee, there still remain genuine issues of law and fact to be tried to a jury, TO WIT, THE QUESTION OF AGENCY."
The September 6, 1983, affidavit of Glover was attached to that April 25, 1985, response. This affidavit was first filed with the circuit court on September 9, 1983, in response to Slocomb Apparel’s motion for summary judgment. Glover’s September 6, 1983, affidavit states, in pertinent part,:
“I went to work for the Defendant on or about March 30, 1982, and they told me that after I had worked there for approximately 30 days that I would be eligible for Hospitalization and Major Medical Insurance as well as life insurance. When I became eligible for the Hospitalization and Major Medical Insurance, I applied for such insurance through the Slocomb Apparel Company. I understand the Insurance Company that was supposed to insure me was the Defendant, Golden Rule Insurance Company. The Defendant Slocomb Apparel Company deducted from my paycheck premiums that allegedly were paid to the Golden Rule Insurance Company for my Hospitalization and Major Medical Insurance Policy. The Defendant Slocomb Apparel Company deducted approximately $120.00 from my paycheck over a two or three month period of time for the premiums and I was led to believe by the Defendants that said sum was being deducted for the purpose of my insurance ' coverage and that I was covered. I in fact received a certificate number and a group number. However, when I was diagnosed by a licensed medical physician as having a diseased back and I attempted to take the advantage of what I believed to be a valid contract of insurance, I was informed by the Golden Rule Insurance Company that I did not have any insurance. They, Golden Rule Insurance Company, informed me by letter that they would return any premium that I had paid through the Defendant Slo-comb Apparel Company back to the Defendant Slocomb Apparel Company. They led me to believe that they would return all the money that I had paid for Medical Insurance. I have never received the return of my premium payments and I have also been denied Medical Insurance coverage by them. It is my firm belief that a fraud has been practiced upon me and my family and I believe that there are genuine issues of fact and law to be tried, before a jury in this cause.”
The April 27, 1984, document mentioned in Glover’s response, although not attached to that response, was merely a document signed by plaintiff's counsel asserting that there were genuine issues of fact to be resolved and incorporating Glover’s September 6, 1983, affidavit.
When a motion for summary judgment is made and properly supported, the party adverse to the motion “may not rest upon the mere allegations or denials of the pleadings and must submit facts controverting those facts presented by the moving party.” Butler v. Michigan Mutual Ins. Co., 402 So.2d 949, 952 (Ala.1981).
In the instant case, Glover’s affidavit does not contradict the statements made in Richey’s affidavit, which supported Golden Rule’s motion for summary judgment. Specifically, Glover does not allege that Slocomb Apparel was acting as an agent of Golden Rule. Furthermore, Glover’s response to the third motion for summary judgment contained nothing more than unsupported allegations that were conclusory in nature. This type of response is insufficient to avoid summary judgment. See *888 Homer v. First National Bank of Mobile, 473 So.2d 1025 (Ala.1985).
Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; see, e.g., Head v. Gadsden Civil Service Bd., 389 So.2d 516 (Ala.Civ.App.1980), cert. denied, 389 So.2d 520 (Ala.1980). Since Glover presented no issue of material fact, the trial court did not err in granting summary judgment for Golden Rule. Accordingly, that judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES and BEATTY, JJ., dissent.
ALMON, J., not sitting.