SHORES, Justice.
Leon Garmon appeals from a summary judgment in favor of the defendant, Kenneth P. Robertson, Jr. We affirm.
Garmon and Robertson are both attorneys at law. Before being admitted to the Bar in 1988, Robertson worked as a law clerk in Garmon’s law office. Garmon fired Robertson in October 1988. Garmon sued Robertson for damages, alleging an intentional interference with contractual or business relations arising out of Robertson’s alleged solicitation of six of Garmon’s law clients. Garmon claims that Robertson persuaded six of his clients to leave Gar-mon and to hire Robertson as their attorney for the same legal matters on which Garmon had been representing them.
In support of Robertson’s motion for summary judgment, he submitted affidavits of the six clients, Candyce Ponder, Charlotte Spurling, Ernest Burton Taylor, Derryl D. Ogles, James Richard Cutchens, and Patricia Ann Reavis. The six clients stated in their affidavits that they discharged Garmon because they were unhappy with him. Each client denied that Gar-mon was his or her attorney at the time he or she retained Robertson and stated that Robertson did not solicit their business in any manner. In the cases of Ponder and Spurling, the trial court awarded Garmon a quantum meruit attorney fee for his services prior to their discharging him.
Assuming, without deciding, that the complaint states a claim for which relief could be granted under Alabama law, we affirm the trial court’s summary judgment in favor of Robertson.
Pursuant to Rule 56, A.R.Civ.P., the standard of review is whether there was any genuine issue of material fact, and, if not, whether the defendant was entitled to a judgment as a matter of law. In determining whether there was a genuine issue of material fact, the appellate court is limited to reviewing the factors and the evidence considered by the trial court when it entered the summary judgment. Purvis v. PPG Industries, Inc., 502 So.2d 714, 716 (Ala.1987).
After a party moving for a summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the other party to show that there exists a genuine issue of material fact. Perry v. Mobile County, 538 So.2d 602, 604 (Ala.1988). The movant carried the burden of showing that there was no genuine issue of material fact; that shifted the burden to Garmon, who failed to carry it.
In granting the motion for summary judgment, the Circuit Court of Etowah County stated:
“The complaint and the subsequent pleadings, including the parties’ respective memorandums, tell the court more than it wishes to know about each of the parties and submits immaterial and scandalous matter.
“The defendant has submitted the affidavits of the six people the plaintiff alleges were his clients, solicited by the defendant. All six, by their affidavits, deny that the defendant has solicited them to discharge the plaintiff, and state that they were no longer clients of the plaintiff at the time they retained the defendant to handle their legal affairs.
“Although the plaintiff submitted his material in opposition to the plaintiff’s motion late, the court has considered it and finds that the plaintiff’s affidavit merely repeats the allegations of the complaint and contains no evidence that would be allowed in the trial of a case.
“It is the finding of the court that there is no genuine issue of material fact and that the defendant is entitled to a judgment as a matter of law; it is therefore adjudged that the defendant’s motion for summary judgment is hereby granted.... The cost herein is hereby taxed to the plaintiff.”
Garmon does not contradict the evidence presented in support of the motion for summary judgment. Accordingly, the trial *989 court correctly entered the judgment in favor of Robertson.
“If the evidence contained in the opposing affidavit does not contradict that presented by the movant, the trial court has no alternative but to consider the movant’s evidence as uncontroverted and enter summary judgment in the movant’s favor.”
Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985).
“When a motion for summary judgment is made and properly supported, the party adverse to the motion ‘may not rest upon the mere allegations or denials of the pleadings and must submit facts controverting those facts presented by the moving party.'”
Glover v. Golden Rule Insurance Co., 514 So.2d 885, 887 (Ala.1987).
Garmon has established only that the clients he complains about once were his clients and have now engaged Robertson. This does not establish a genuine issue of material fact.
The Court of Civil Appeals has correctly stated:
“It is well recognized that the employment of an attorney by a client is revocable by the client with or without cause, and that such discharge ordinarily does not constitute a breach of contract even with a contract of employment which provides for the payment of a contingent fee. There are, of course, well recognized procedures where a discharged attorney may recover compensation for the services rendered to that client before the discharge.”
Gaines, Gaines & Gaines, P.C. v. Hare, Wynn, Newell & Newton, 554 So.2d 445, 447 (Ala.Civ.App.1989).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.