WARD, Judge.
The Department of Health appeals an adverse ruling by the Civil Service Commission which ordered the Department to reinstate its former employee, Annabel Watson, a Licensed Practical Nurse. The Commission upheld the Department’s disciplinary action, finding legal cause, but reversed the Department decision to terminate Watson, finding the punishment too harsh. The Commission held that suspension without pay for nine months was a more appropriate punishment. Watson has answered the appeal, and asks that we modify the Commission order to *518 provide back pay for the greater portion of the nine months.
Watson was fired for falsifying information and forging a physician’s signature to obtain benefits of the Women, Infants and Childrens Program for her grandchild and for another minor child. The ‘WIC” program provides food and baby formula to infants and children that have nutritional deficiencies if the parents qualify financially. To qualify, an applicant’s child must be examined by a physician, given a blood test, and found in need of food and baby formula. After an application is made, a file is opened and records are kept of vouchers issued for the food and formula. To further safeguard the program, the Department requires that the child must be present at the clinic when the vouchers are issued unless a physician verifies that the child is hospitalized or too ill to be present.
Watson completed the physical data on a child, Alexia Nieves, after speaking to the child’s father on the telephone and completed data on her grandson even though he was never examined by a physician. Watson next attempted to have her co-workers at the Department issue the vouchers without the required physical examinations, telling them that the required exams were taken and the paperwork was completed. Several employees became suspicious, however, and they reported their suspicions to Watson’s supervisor, Joan Royal. After speaking to Watson, Royal instructed Watson to leave the file so that a doctor could complete it. Watson took the file and when asked by Royal to return it, Watson stated “nevermind” indicating that she wished the matter to be dropped. Fortunately, the Department did not drop the matter and when the file was examined it contained an application for Watson’s grandson, Christian Watson, with a forged physician’s certification.
At a pre-termination hearing, the Director of the Department of Health, Dr. Lutz, and the Director of Nursing, Donna Malus, testified that Watson put the City’s administration of the WIC Program at risk of losing federal funding. Dr. Brobson Lutz, Director of the Department of Health testified that Watson’s actions were clearly detrimental to the efficient operation of WIC. However, the Civil Service Hearing Examiner held that a dismissal was too harsh of an action and would not serve the ends of justice. The' Hearing Examiner stated that Watson, a 17 year employee, had no previous disciplinary actions against her, and that a dismissal was not commensurate with the infraction.
A reviewing court should apply the clearly wrong or manifest error rule when deciding to affirm or reverse the Commission’s factual findings. When judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. Walters v. Department of Police of the City of New Orleans, 464 So.2d 106 (La.1984).
The Hearing Examiner may have accepted Watson’s self-serving testimony that she was attempting to help the Nieves child, whose mother could not speak English, by taking the application over the phone, and that she was only helping her daughter-in-law whose child was otherwise qualified. But the examiner and the Commission overlooked the seriousness of the violation, forgery, a felony under Louisiana law, the consequences of opening the program to unqualified persons, and the damage done to those qualified beneficiaries by employees who seek financial gain for their own end. Good programs should not suffer because employees betray their trust. The Department’s disciplinary action was clearly not an abuse of discretion and well within reason. The action of the Commission in reinstating Watson was arbitrary and capricious. Even though Watson was a long time employee in good standing, the violations she committed are so grave that her dismissal was warranted.
REVERSED.