THOMPSON, Judge,
dissenting.
I disagree with the main opinion on the issue of foreseeability. Therefore, I dissent.
This court must consider the evidence as it best supports the jury’s verdict. That evidence includes Morrison’s trial testimony that he wanted to ask the bouncer why he had been removed from the club and that, as he walked toward the bouncer, he “may have” bumped into Graham. Morrison testified at trial that at no time did he strike, kick, or punch Graham. Morrison testified that two security guards each held one of his arms and took him to their patrol car.. Morrison testified that, while he was near the patrol car and his arms were being held by the two security guards, Graham walked over to the area and punched Morrison in the groin.
I do not agree with the main opinion that an inference that Graham would “become involved” is enough to predicate liability on the part of Wild Wild West for Graham’s actions. I believe that the question of foreseeability is not whether Graham might be “hostile” toward Morrison or might “become involved” in the security incident, but whether it was foreseeable to Wild Wild West that Graham would walk up and strike Morrison absent provocation. “[F]oreseeability must be based on the probability that harm will occur, rather than the bare possibility.” Butler v. AAA Warehousing & Moving Co., 686 So.2d 291, 293 (Ala.Civ.App.1996). No evidence in the record indicates that Wild Wild West had any notice that Graham, the security guard' — who was a former police officer — would injure a patron of the club after the patron had been forcefully evicted from the club, especially under the circumstances of this case. I conclude that the record contains no indication of any probability that a patron of the club would be injured under facts similar to those of this case and, therefore, that Morrison’s injury was not foreseeable.
Neither party objected to the trial court’s jury instruction regarding foreseeability. Therefore, that jury instruction became the law of the case. BIC Corp. v. Bean, 669 So.2d 840 (Ala.1995); Griner Drilling Serv., Inc. v. Jenkins, 497 So.2d 187 (Ala.Civ.App.1986). The jury instruction read as follows:
“The Court has used the term ‘foreseeable’ or ‘unforeseeable’ and ‘foreseeability’ in its instructions to you. In the law, the word ‘foreseeable’ has a special meaning which may or may not be the *1233 meaning which you understand from its ordinary usage. For example, an event or act is not foreseeable in the legal sense merely because it is possible. Moreover, even if there is a statistical certainty that an event will occur within a given number of opportunities, that predictability alone does not establish that the event is foreseeable. To be foreseeable, an act must be both probable and predictable. A foreseeable event need not be more probable than not, but the event must be so likely to occur that a reasonable person would consider it in conducting his or her affairs. In reaching your verdict and applying the Court’s instructions, you must apply the meaning of foreseeability which the Court has given you and not any different meaning.”
I do not believe that it was probable that Graham would strike Morrison after Morrison was evicted from the club, or that Graham’s injuring Morrison was so likely that a reasonable defendant would have considered it in the course of providing security outside the club. For that reason, I dissent.