On September 21, 2005, Dr. Rhonda Ellison d/b/a Calera Animal Hospital (hereinafter "Ellison") sued Mike Mooney d/b/a Mike Mooney Construction (hereinafter "Mooney"), alleging claims of misrepresentation and failure to perfect a lien. The claims asserted by Ellison arose out of a contract entered into between the parties for the construction of a building to house a veterinary hospital. On October 25, 2005, Mooney answered and counter-claimed, alleging that Ellison had breached the contract. Mooney sought as damages the outstanding amount due under the contract, plus interest, attorney fees, and costs. Ellison subsequently answered the counterclaim.
On June 5, 2007, Mooney filed a motion for a summary judgment. In support of his summary-judgment motion, Mooney attached his own affidavit and the affidavit of his attorney. Mooney's affidavit, in pertinent part, stated:
 "On August 21, 2003, I entered into a contract with Dr. Rhonda M. Ellison to construct a metal building on her lands in Chilton County, Alabama. The cost Dr. Ellison agreed to pay to construct this building was $237,600.
 "I constructed said building in a good and workmanlike manner and Dr. Ellison paid me for all of the work I performed, except the last $25,900 owing under the terms of the contract.
 "I completed this work in the later part of October or the first of November of 2003 and have not been paid the final draw as of [June 5, 2007].
 "On December 14, 2004, a year after I completed the building, I filed a lien against Dr. Ellison's property.
 "On September 21, 2005, Dr. Ellison filed a lawsuit against me.
 "I aver, under oath, that the building I constructed has withstood the force of Hurricanes Ivan and Katrina without damage. It is also my understanding, *Page 264 
from evidence I have received, that Dr. Ellison regularly holds rodeo events at the building. Surely, she would not subject the participants of the events to a building that she legitimately claims is unsafe and not constructed properly.
 "I further aver, under oath, that Dr. Ellison owes me the amount of $25,900 principal. Further, that pursuant to paragraph 10 of the subject contract, Dr. Ellison owes me interest in the amount of $5,439, plus attorney fees in the amount of $2,977.50."
In his affidavit, the attorney representing Mooney stated that he had worked 19.85 hours on this matter at a rate of $150 an hour, for a total attorney fee of $2,977.50.
On June 25, 2007, Ellison filed a response to Mooney's summary-judgment motion. In her response, Ellison alleged that Mooney had falsely represented that the building was properly constructed when she had questioned whether concrete pillars were properly aligned during the construction of the building. Ellison argued in her response that, as a result of Mooney's misrepresentation and her reliance thereon, the building was not structurally sound and that it required substantial improvements and repairs. Ellison did not attach any exhibits or her own affidavit to her response to Mooney's summary-judgment motion.
On July 13, 2007, the trial court entered a summary judgment in favor of Mooney on Ellison's claims and on his counterclaim. Ellison filed a postjudgment motion that was denied by the trial court. Ellison timely appealed to this court. This court transferred the appeal to the supreme court on the ground that the appeal did not fall within this court's appellate jurisdiction. The supreme court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
The undisputed facts set forth by Mooney in his affidavit reveal that Mooney and Ellison entered into a contract for the construction of a metal building for a total cost of $237,600. The building was constructed in a workmanlike manner. Mooney completed construction of the building in the fall of 2003. One year after the building had been completed, Ellison still owed Mooney a final payment in the amount of $25,900 pursuant to the terms of the contract. On December 14, 2004, Mooney filed a lien on Ellison's property, and nine months later Ellison filed the lawsuit at issue in this appeal.
A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala. 1988). "When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact." Ex parte Alfa Mut. Gen. Ins. Co.,742 So.2d 182, 184 (Ala. 1999) (quoting Bass v. SouthTrust Bankof Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989)). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, this court must view the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. Balfour Guthrie,Inc., 564 So.2d 412 (Ala. 1990).
Ellison contends on appeal that the trial court erred by entering a summary judgment *Page 265 
in favor of Mooney. Specifically, Ellison argues that she presented "the existence of a rational issue to be tried" in her response to Mooney's summary-judgment motion. Ellison does not refer to any evidence to support her contention that a genuine issue of material fact exists.
In support of her argument on appeal, Ellison cites CelotexCorp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548,91 L.Ed.2d 265 (1986), in which the United States Supreme Court found "no express or implied requirement in Rule 56[, Fed.R.Civ.P.,] that the moving party support its motion with affidavits or other similar materials negating the opponent's claim."477 U.S. at 323, 106 S.Ct. 2548 (first emphasis added). Ellison's reliance on Celotex is misplaced. In the instant case, Ellison did not move for a summary judgment. Therefore, the supreme court's holding in Celotex is not applicable to her in this case. Regardless, in Berner v.Caldwell, 543 So.2d 686 (Ala. 1989), our supreme court clarified the holding in Celotex, stating:
 "To the extent that certain language from . . . Lawson State [Community College v. First Continental Leasing Corp., 529 So.2d 926
(Ala. 1988), which quoted extensively from Celotex] may be interpreted as shifting the burden to the nonmoving party to show genuine issues of material fact, such language is expressly rejected and overruled. Where the plaintiff's statement of the claim correctly withstands a motion to dismiss, we continue to interpret . . . both the language and the spirit of Rule 56(c), [Ala.] R. Civ. P., to impose upon the movant the burden of showing material facts, which, if uncontested, entitle the movant to [a] judgment as a matter of law."
543 So.2d at 688.
Rule 56(e), Ala. R. Civ. P., provides, in pertinent part:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him."
"`[T]he party adverse to the [summary-judgment] motion "may not rest upon the mere allegations or denials of the pleading and must submit facts controverting those facts presented by the moving party."'" Garmon v. Robertson, 601 So.2d 987,989 (Ala. 1992) (quoting Glover v. Golden Rule Ins. Co.,514 So.2d 885, 887 (Ala. 1987), quoting in turn Butler v.Michigan Mut. Ins. Co., 402 So.2d 949, 952 (Ala. 1981)). "`When the moving party offers proof of no genuine issue of material fact, it then becomes incumbent upon the nonmoving party to submit counteraffidavits to show such an issue does exist.'" Collier v. Necaise, 522 So.2d 275, 276
(Ala. 1988) (quoting Bishop v. Leavell Banking Co.,464 So.2d 106, 108 (Ala.Civ.App. 1985)).
In the instant case, Mooney made a prima facie showing that no genuine issue of material fact existed and that he was entitled to a judgment as a matter of law. See Ex parte Alfa Mut.Gen. Ins. Co., supra. Other than relying on the allegations made in her complaint, Ellison presented no additional evidence, much less substantial evidence, creating a genuine issue of material fact. The affidavits provided by Mooney in support of his summary-judgment motion are uncontroverted, and, therefore, there is no genuine issue of material fact. Accordingly, the *Page 266 
judgment of the trial court is due to be affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.